UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    5:26-cv-03352-SK                                Date: July 13, 2026
Title    Guillermo Romero Diaz v. Markwayne Mullin, et al.

Present: The Honorable: Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for                                    Attorneys Present for
Plaintiff(s)/Petitioner(s):                            Defendant(s)/Respondent(s):
None present                                                None present

**Proceedings:**        (IN CHAMBERS) **ORDER GRANTING PETITION**

Guillermo Romero Diaz is a 48-year-old citizen of Mexico who entered the United States without inspection in 2003. He has lived here for 23 years, is married with four children (two of them United States citizens), has worked gainfully, and has no criminal convictions. Immigration and Customs Enforcement (ICE) arrested petitioner in March 2026 while he was driving to work in Fontana, California, and he has been detained at the Adelanto ICE Processing Center since. Removal proceedings are pending, and no final order of removal has been entered against petitioner.

As pertinent here, petitioner asked for a custody redetermination before an immigration judge, but the judge disclaimed jurisdiction to hold a bond hearing. In a June 4, 2026 order, the judge ruled there was "no jurisdiction to proceed in adjudicating bond reconsideration request under INA § 236(a)" on the ground that petitioner was subject to mandatory detention under INA § 235(b)(2)(A). The immigration judge rested that ruling on *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). The detention order thus reflects no finding of danger to the community, no finding of risk of flight, and no consideration of conditions of release. In other words, no neutral decisionmaker has determined on an individualized basis whether petitioner's detention pending removal proceedings is warranted. As a result, in his counseled petition under 28 U.S.C. § 2241, petitioner claims that he is in custody in violation of federal law and

CV-90 (03/15)                          Civil Minutes – General                          Page **1** of **3**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-03352-SK                          Date: July 13, 2026

Title        Guillermo Romero Diaz v. Markwayne Mullin, et al.

seeks release under appropriate conditions of supervision.  In the alternative only, he asks for a bond hearing within seven days.

Respondents answered on June 24, 2026 with a two-page response.  (ECF 7). The answer denies no fact alleged in the petition, contests no claim on the merits, raises no jurisdictional bar, and asserts no affirmative defense.  It does not defend—or mention—the immigration judge's ruling that INA § 235(b)(2)(A) foreclosed an individualized bond determination.  Nor does it identify any statute, regulation, or record document as the authority for petitioner's detention.  Respondents state only that "the appropriate remedy is limited to directing that Petitioner receive an immigration bond hearing," and that any "factual disputes" are "properly resolved by an immigration judge in the first instance."  (ECF 7 at 2).  Yet they identify no factual dispute.  Petitioner replied the next day, pressing release on the ground that he has already sought the hearing respondents propose—and been refused it.  (ECF 8 at 3-5).

Federal courts must decide cases based on the arguments the parties present.  *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008).  So when, as here, the "government does not offer any argument on the merits" of the claims in the petition, "it has waived any challenge to the arguments [] raised."  *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017).  The court thus need not decide whether it agrees with the merits of petitioner's habeas claims in all respects—other than to acknowledge that his claim of detention without lawful authority is unrefuted.  And where the government identifies no authority to detain at all, release is the remedy.  *See Ex parte Endo*, 323 U.S. 283, 297-302 (1944); *see also Boumediene v. Bush*, 553 U.S. 723, 739 (2008); *INS v. St. Cyr*, 533 U.S. 289, 301 (2001).

Respondents' lone sentence that the remedy "is limited to" a bond hearing cannot do the work they ask of it.  It is argument by *ipse dixit*, offered with no reasoning.  *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("[A] bare assertion does not preserve a claim."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-03352-SK                              Date: July 13, 2026

Title        Guillermo Romero Diaz v. Markwayne Mullin, et al.


1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). Respondents never explain why a bond hearing—the floor of requested relief—is this petitioner's ceiling. Any such explanation would have to reckon anyway with what already happened: petitioner asked for a bond hearing and was refused one for want of jurisdiction. To order respondents to furnish the very process an immigration judge has declined to furnish—on a jurisdictional rationale respondents neither defend nor disavow—is to order a remedy with no reason to expect a different result. The court is "not a roving commission" charged with making respondents' case for them. *Sineneng-Smith*, 590 U.S. at 376 (cleaned up); *see McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991) (a judge in an adversarial system "decides on the basis of facts and arguments pro and con adduced by the parties").

Besides, respondents have not disputed a single fact alleged by petitioner. Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing. Nor does anything in the record identify the removal posture to which this custody attaches, and it is respondents' obligation—not petitioner's—to certify it. *See* Gen. Order 26-05. "To put it plainly, courts 'call balls and strikes'; they don't get a turn at bat." *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (quoting *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 599 (2020)). Respondents have thus not met their burden "to show cause why the writ should not be granted." 28 U.S.C. § 2243.

* * *

For these reasons, the petition for writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. Respondents are ordered to RELEASE petitioner **Guillermo Romero Diaz** (**A# 221-462-458**) from custody immediately under appropriate conditions of supervision.[1] Judgment will be entered accordingly.

---

[1] Because respondents' failure to carry their burden of identifying any lawful basis for petitioner's custody disposes of this case, the court need not decide—and nothing here is intended to address—whether 8 U.S.C. § 1225(b)(2)(A) or § 1226(a) supplies detention authority for a noncitizen who entered without inspection and was arrested in the interior years later; whether prudential exhaustion would have been required had respondents raised it; or whether petitioner's regulatory and Administrative Procedure Act claims would independently require relief and, if so, conditional or unconditional release.

---